IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
November 19, 2003 Session

## MARY LEE ALFORD, ET AL. v. EARL RAY LUMLEY, ET AL.

**Direct Appeal from the Circuit Court for Dyer County**
**No. 99-94     Lee Moore, Judge**

**No. W2002-03051-COA-R3-CV - Filed December 29, 2003**

This lawsuit emanates from a 1989 sale of land, which included a portion of land to which the seller did not have title. Two subsequent assignees of the original buyer filed a cause of action against the seller, seeking rescission or reformation of the 1989 transaction and alternate relief. The trial court awarded plaintiffs' damages and declined to award equitable relief. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and HOLLY M. KIRBY, J., joined.

Greg Alford, Dyersburg, Tennessee, for the appellants, Mary Lee Alford, Brad Collins and wife, Amanda Collins.

Thomas E. Weakley, Dyersburg, Tennessee, for the appellees, Earl Ray Lumley, Robert Lumley and Earlene Lumley.

### OPINION

The record presented for review by this Court consists of the technical record and a statement of the evidence. The focus of this lawsuit is a thirty foot tract of property which connects Plaintiffs' property to Richardson Hill Road in Dyer County. On June 12, 1989, Earl Ray Lumley (Earl Ray Lumley) conveyed property to his cousin, William Paul Campbell (Campbell). The conveyance included the thirty foot strip of property which provided access to Richardson Hill Road. This strip, however, was not owned by Earl Ray Lumley but by his uncle, James Lumley, and was mistakenly included in the conveyance. James Lumley's deed to his property, including the portion wrongfully conveyed, had been properly recorded since 1961.

On June 15, 1989, Earl Ray Lumley repurchased a 7.56 acre tract from Campbell. Campbell, however, retained an easement on the southwest corner of the tract. This easement connected

Campbell's remaining property to the thirty foot strip, thereby providing access to Richardson Hill Road. The portion repurchased by Earl Ray Lumley did not include the thirty foot strip. On June 26, 1989, Earl Ray Lumley conveyed the 7.56 acre parcel to his parents, Robert and Earlene Lumley (hereinafter, Earl Ray Lumley and Robert and Earlene Lumley will be referred to, collectively, as Lumleys). The Lumleys and Campbells were relatives who frequently crossed each others' property, and the question of who owned the thirty foot strip was not a disputed issue between them.

In 1997, Campbell conveyed property, including the thirty foot roadside strip mistakenly conveyed to him by Earl Ray Lumley, to Greg and Mary Lee Alford (Alfords). Before purchasing the property, Mr. Alford, a practicing attorney, conducted a title search but failed to discover the error in title. Alford then entered into negotiations with Brad Collins and Amanda Collins (Collins) for sale of a fifteen acre tract of the property conveyed to him by Campbell. The parties discovered the error in the conveyance by Earl Ray Lumley to Campbell during the course of these negotiations. Alford made written demand on Lumleys to remove the cloud on the title to the thirty foot strip. Lumleys and Campbell then denied Alford access to the strip and to the corner tract which had been retained by Campbell in the June 15, 1989, conveyance of the 7.56 acres to Earl Ray Lumley.

Alford asserts that as a result of the error in the conveyance by Earl Ray Lumley to Campbell, he was required to make significant concessions to Collins, including the grant of an easement for connection to a roadway and construction of a ramp for access to the road. Alford also agreed with Collins to pursue, through available legal process, the thirty foot strip and/or damages for breach against Lumleys, and to assign such to Collins. In May 1999, Mary Lee Alford and Collins (collectively, Plaintiffs) filed a complaint against Lumleys, seeking specific performance in accordance with the deed, damages, and other relief. In their amended complaint, filed in December 2000, Plaintiffs prayed for compensatory damages and for the court to order Robert and Earlene Lumley to reconvey the 7.56 acre tract to Earl Ray Lumley. They also sought other relief as available in law or equity. Robert and Earlene Lumley answered and counter-complained in January 2001, asserting they had no responsibility for the conveyance from Earl Ray Lumley to Campbell; that they did not deny Plaintiffs access to the easement on the 7.56 acre tract; and that they did not own, and thus could not grant, Plaintiffs access to the thirty foot strip. They counter-complained for damages to their fence, allegedly damaged by Greg Alford, and prayed for attorney's fees.

In September 1999, Earl Ray Lumley filed a third-party complaint against William Paul Campbell and the Estate of William Campbell.[1] In his third-party complaint, Earl Ray Lumley asserted that the deed by which he conveyed the disputed property to Campbell had been prepared by Campbell's attorney and that he, Earl Ray Lumley, had not realized he was conveying land that he did not own. Earl Ray Lumley alleged that Campbell knew that Earl Ray Lumley did not own the thirty foot strip, and that Campbell was at fault for the erroneous conveyance. Campbell answered in October 1999, denying the allegations and asserting Earl Ray Lumley was bound by his own actions. Campbell then counter-complained against Earl Ray Lumley, seeking specific

---

[1] The trial court dismissed the action against the Estate of William Campbell for lack of service. William Campbell was also known as William Paul Campbell.

performance in accordance with the deed, judgment for damages for breach of warranty, and attorney's fees.

A bench trial was held on March 18, 2002, and a hearing on the issue of attorney's fees followed on April 19, 2002. The trial court held Plaintiffs were entitled to no relief against Robert and Earlene Lumley, as it was agreed at trial that there was no dispute over access to the easement retained by Campbell on the 7.56 acre parcel; that the three year statute of limitations for property damage had run on Lumleys' counter-complaint; that Earl Ray Lumley was not entitled to relief on his third-party complaint against Campbell; and that the action against Campbell's estate was dismissed for lack of service. The trial court found Plaintiffs were not entitled to reformation or rescission of the June 1989 transaction. The trial court awarded Campbell judgment on his third-party counter-complaint against Earl Ray Lumley for breach of warranty in the amount of $500. Upon finding Earl Ray Lumley had breached the warranties contained in the June 12, 1989, deed to Campbell, the court awarded Plaintiffs, as assignees of Campbell, damages. The court awarded Alford damages of $4,041: $1,400 for construction of a ramp to the roadway, $750 for regrading the ramp, and mortgage interest due to the delay in the sale to Collins of $1,891. The court awarded Collins $650 for ramp maintenance costs. The court found that costs incurred by Collins between their purchase of the property and the date the ramp was complete were not recoverable as Collins purchased the property with knowledge of the defect in title and was entitled only to those damages which would have been recoverable by Alford. The court found the proof offered by Alford of diminution in value of $5,000 was too speculative to warrant diminution damages. The court awarded Campbell attorney's fees of $4,625. The court found Plaintiffs were not entitled to attorney's fees for Earl Ray Lumley's breach because no itemized bill was submitted for the court's review. Lumleys now appeal to this Court.

### Issues Presented

Plaintiffs raise the following issues, slightly restated, for our review:

(1)     Whether the trial court erred in limiting Plaintiffs' recovery to damages where Plaintiffs are assignees of the original purchaser, and where Alford discovered the error in the deed after purchase.

(2)     Whether the trial court erred in ruling opinion testimony by Plaintiffs regarding diminution in the value of the property was speculative.

(3)     Whether the trial court erred in ruling that a subsequent purchaser/assignee who purchased the property with knowledge of the dispute is barred from asserting continuing damages against the original seller where damages would have been recoverable by his assignor.

(4)     Whether the trial court erred in holding Plaintiffs' attorney's fees are not recoverable.

Lumleys raise two additional issues:

(1)    Whether the trial court erred in not dismissing the action as barred by the six-year statute of limitations for actions for the use and occupation of land for rent under Tenn. Code Ann. § 28-3-109, or the seven-year statute of limitations for actions for adverse possession under color of title under Tenn. Code Ann § 28-2-102.

(2)    Whether the trial court erred by not holding the action was barred as champertous under Tenn. Code Ann. § 66-4-201.

### *Standard of Review*

To the extent these issues involve questions of fact, our review of the trial court's ruling is *de novo* with a presumption of correctness. Tenn. R. App. P. 13(d); *Sullivan v. Sullivan*, 107 S.W.3d 507, 509 (Tenn. Ct. App. 2002). We may not reverse the trial court's factual findings unless they are contrary to the preponderance of the evidence. *Id.* at 510. With respect to the court's legal conclusions, however, our review is *de novo* with no presumption of correctness. *Id.* Insofar as the trial court's determinations rest upon an assessment of witness credibility, they will not be overturned absent clear and convincing evidence to the contrary. *Wells v. Tennessee Bd. of Regents*, 9 S.W.3d 779, 783 (Tenn.1999). A decision to award equitable relief lies within the discretion of the trial court, and will not be overturned on appeal absent an abuse of that discretion. *Early v. Street*, 241 S.W.2d 531, 536 (Tenn. 1951).

### *Analysis*

We first dispense with Lumleys' assertion that the trial court erred by not dismissing Plaintiffs' action as champertous and barred by the statute of limitations. This action was based on breach of warranty. Thus, we do not believe Tenn. Code Ann. § 28-3-109 or § 28-2-102 are applicable. Further, Alford clearly had an interest in the subject matter of this litigation, and adverse possession is not an element of this lawsuit. Lumleys' issues are without merit.

The decision to award the equitable relief of rescission or reformation of a contract or deed lies within the sound discretion of the trial court. *Early v. Street*, 241 S.W.2d 531, 536 (Tenn. 1951). Plaintiffs assert the trial court erred not in exercising its discretion in refusing to award equitable relief, but in holding that, as a matter of law, Plaintiffs, as assignees, were not entitled to equitable relief.

We disagree with Plaintiffs' interpretation of the trial court's judgment. The trial court held simply that Plaintiffs, assignees, were not entitled to reformation or rescission of the June 1989 transaction. We do not read the judgment as holding that as a mater of law Plaintiffs were not entitled to equitable relief *because* they are assignees. We read the court's judgment as an exercise of the discretion of the court in refusing to award equitable relief. We accordingly find

-4-

it unnecessary to address the issue of whether, as a matter of law, Plaintiffs, as assignees, may seek rescission of the 1989 transaction between Campbell and Lumley.

We agree with the trial court that this case warranted neither rescission nor reformation of the 1989 transaction between Earl Ray Lumley and Campbell. As an initial matter, we note that Mr. Alford conducted a title search of the property and failed to discover the error in title or James Lumley's properly recorded deed. We agree with the trial court that Alford had constructive notice of the cloud on the title to this strip. Additionally, Collins had actual knowledge of the defect in title. Moreover, we fail to perceive how Plaintiffs would benefit from rescission or reformation of the 1989 Earl Ray Lumley-Campbell transaction. Notwithstanding rescission or reformation, Plaintiffs still would have no access to the thirty foot strip giving access to Richardson Hill Road. That strip would remain the property of James Lumley. Alford and Collins have constructed homes on the property conveyed by Campbell to Alford, and undisputedly have alternate road access. Thus monetary damages are an adequate remedy in this case. We accordingly affirm the determination of the trial court that equitable relief was not the appropriate remedy under these facts.

We next address Plaintiffs' contention that the trial court erred by refusing to award damages for diminution in value upon finding the evidence too speculative. The evidence regarding diminution in value contained in the statement of evidence before this Court consists only of statements by Greg Alford and Amanda Collins. Mr. Alford testified that the fair market value of the Alford property at the time of trial would have been $180,000 with the easement across the thirty foot strip to Richardson Hill Road, and was $175,000 without the easement. Amanda Collins testified that the value of the Collins' property at the time of trial would have been $295,000 with a level driveway on the thirty foot strip giving access to Richardson Hill Road, and that it was $285,000 without it. There is no further proof of value before this Court, thus the determination of diminution in value rests on witness credibility. In light of the deference afforded the trial court on matters of credibility, we accordingly affirm the trial court's determination that this proof is too speculative to warrant an award of damages.

Plaintiffs further submit the trial court erred in not awarding Collins continuing damages. The trial court awarded Alford $1,400 for construction of a ramp from Collins property to the roadway, and $750 for additional work to regrade the ramp. The court awarded Collins $650 for costs incurred in purchasing an attachment for the driveway and maintaining the ramp after construction. There is no proof in the statement of evidence before this Court regarding additional continuing damages, thus we cannot say the evidence preponderates against the judgment of the trial court. We accordingly affirm the damage award.

We turn finally to Plaintiffs' assertion that the trial court erred by not awarding their attorney's fees. The judgment of the trial court reads: "the original plaintiffs' request for attorney fees of $2,500.00 is denied in that no itemized bill was presented for review." This issue accordingly is without merit.

*Conclusion*

In light of the foregoing, the judgment of the trial court is affirmed in all respects.  Costs of this appeal are taxed to Appellants, Mary Lee Alford, Brad Collins and Amanda Collins, and to their surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE